## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| CITY OF WATERBURY and | ) | |
| SYNAGRO NORTHEAST, LLC, | ) | |
| *Defendants*. | ) | |

## COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney General of

the United States and through the undersigned attorneys, at the request of the Administrator

of the United States Environmental Protection Agency ("EPA"), brings this Complaint and

alleges as follows:

## NATURE OF ACTION

1.    In this civil action under Section 113(b) of the Clean Air Act ("CAA"), 42

U.S.C. § 7413(b), the United States seeks civil penalties and injunctive relief against the City

of Waterbury, Connecticut ("City" or "Waterbury") and Synagro Northeast, LLC

("Synagro") (collectively, "Defendants") for violations of the sewage sludge incinerator

standards and regulations of the CAA at 40 C.F.R. Part 62, Subpart LLL, and Section 129(f),

42 U.S.C. § 7429(f).

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action, and over

Defendants under 28 U.S.C. §§ 1331, 1345, and 1355, and, Section 113(b) of the CAA, 42

U.S.C. § 7413(b).  This Court has personal jurisdiction over Waterbury because it is a city chartered in Connecticut.

3.      This Court has personal jurisdiction over the Defendant Synagro because it is a corporation doing business in Connecticut.

4.      Venue is proper in this District because the Defendants are found and conduct business in this District and because the alleged violations took place in this District.  42 U.S.C. § 7413(b); 28 U.S.C. §§ 1391(b) and (c), and 1395(a).

## NOTICE

5.      On June 9, 2016, EPA issued a notice of violation ("NOV") to Defendants and provided a copy of the NOV to the State of Connecticut, indicating that EPA found that Defendants committed the alleged violations described in this Complaint and providing Defendants an opportunity to confer with the EPA.

6.      The United States has provided or will provide notice of the commencement of this action to the State of Connecticut as required by Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

## AUTHORITY

7.      The Department of Justice has authority to bring this action on behalf of the Administrator of EPA under 28 U.S.C. §§ 516 and 519 and Section 305(a) of the CAA, 42 U.S.C. § 7605(aa).

## DEFENDANTS

8.      Defendant Waterbury is a city in Connecticut.

9.      Defendant Synagro is a corporation, organized under the laws of Delaware, with a business address of 111 Mattatuck Heights, Waterbury, Connecticut. Synagro conducts

operations at the Waterbury wastewater treatment facility at 210 Municipal Road, Waterbury, Connecticut (the "Facility").

10.     At all relevant times, Waterbury owned the Facility and the sewage sludge incinerator ("SSI") unit located there.  40 C.F.R. §§ 60.2 and 62.01; 42 U.S.C. §7411(a)(5).

11.     At all relevant times, Synagro operated the Facility, including the SSI unit located there.  40 C.F.R. §§ 60.2 and 62.01; 42 U.S.C. §7411(a)(5).

12.     Waterbury and Synagro are "persons" as defined in Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

## STATUTORY AND REGULATORY BACKGROUND

13.     The CAA, 42 U.S.C. §§ 7401-7671q, establishes a comprehensive scheme for protecting and enhancing the quality of the nation's air so as to promote public health and welfare.  42 U.S.C. § 7401(b)(1).

14.     Section 129 of the CAA, 42 U.S.C. §7 429, requires EPA to establish performance standards and other requirements under Section 111, 42 U.S.C. § 7411, for certain categories of solid waste incineration units.  The performance standards are to include guidelines for existing incineration units. 42 U.S.C. §§ 7411(d) and 7429(b)(1).  States that have existing solid waste incineration units are required to submit plans to EPA for approval to implement and enforce the guidelines.  42 U.S.C. § 7429(b)(2).  If a state has existing solid waste incineration units but has not submitted an implementation and enforcement plan within two (2) years after EPA promulgates the guidelines, which occurred on March 21, 2011, EPA must promulgate a federal plan.  42 U.S.C. § 7429(b)(3).  EPA's plan must assure that existing units subject to the plan are in compliance with the guidelines no later than five (5) years after the date the guidelines are promulgated.  *Id.*

15.     Under Section 111(d) and Section 129(b)(3) of the CAA, 42 U.S.C. §§ 7411(d), 7429(b)(3), EPA promulgated the "Federal Plan Requirements for Sewage Sludge Incineration Units Constructed on or Before October 14, 2010" (hereinafter, "Subpart LLL" or "the Federal Plan") for the control of emissions from existing SSI units in states that did not submit an approvable state plan. 40 C.F.R. Part 62, Subpart LLL. The Federal Plan became effective May 31, 2016. 81 Fed. Reg. 26,040 (Apr. 29, 3016).

16.     Connecticut did not submit an approvable state plan for the control of emissions from existing SSI units. Thus, Subpart LLL applies in Connecticut.

17.     An SSI unit is subject to Subpart LLL if it meets the following criteria contained in 40 C.F.R. § 62.15885: 1) construction of the unit began on or before October 14, 2010; 2) it meets the definition of an SSI unit contained in 40 C.F.R. § 62.16045; and 3) it is not exempt under 40 C.F.R. § 62.15860.

18.     Subpart LLL defines an SSI unit as "an incineration unit combusting sewage sludge for the purpose of reducing the volume of sewage sludge by removing combustible matter." 40 C.F.R. § 62.16045.

19.     Subpart LLL exempts combustion units that incinerate sewage sludge and are not located at a wastewater treatment facility designed to treat domestic sewage sludge. 40 C.F.R. § 62.15860.

20.     Subpart LLL requires that owners and operators of subject SSI units complete various actions by or before March 21, 2016, including but not limited to:

        a. Submission of a final control plan and achievement of final compliance, 40 C.F.R. § 62.15875;

4

        b. If compliance is not achieved by the final compliance date, submission of notification of failure to comply and monthly reports thereafter until final compliance is met, 40 C.F.R. §62.15895.

        c. Submission of a site-specific monitoring plan, 40 C.F.R. §§ 62.15980 and 62.15995;

        d. Conducting an initial air pollution control device inspection, 40 C.F.R. § 62.15990;

        e. Demonstrating compliance with the applicable emission limits specified in 40 C.F.R. § 62.15980 (at Tables 2 or 3); and

        f. Setting and meeting the applicable operating limits specified in 40 C.F.R. § 62.15960.

21.     Section 129(f) of the Clean Air Act, 42 U.S.C. § 7429(f), prohibits operation of an SSI unit in violation of any performance standard, emission limit, or other requirement after the effective date of the standard, limitation, or requirement.

22.     Section 113(b) of the CAA, 42 U.S.C. § 7413(b), authorizes the United States to commence a civil action seeking injunctive relief and the recovery of civil penalties of up to $25,000 per day for each violation of any requirement or prohibition of Subchapter I of the CAA, 42 U.S.C. §§ 7401-7515, including CAA Section 129, and of the regulations promulgated under Subchapter I of the CAA, including Subpart LLL.

23.     Under the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended through 2015, the Debt Collection Improvement Act ("DCIA"), 31 U.S.C. § 3701, and EPA's implementing regulations at 40 C.F.R. Part 19, the maximum civil penalty per day for each CAA violation was increased from $25,000 to $93,750 for violations occurring from

November 3, 2015, to January 15, 2017, and to $95,284 for violations occurring after January 12, 2017.

## GENERAL ALLEGATIONS

24.     Under 40 C.F.R. § 62.15855(a), the Facility's SSI unit is subject to 40 C.F.R Part 62, Subpart LLL, because 1) it was constructed before October 14, 2010; 2) it is an SSI unit as defined in 40 C.F.R. § 62.16045; and 3) it is not an exempt unit under to 40 C.F.R. § 62.15860.

25.     As of May 31, 2016, Defendants failed to comply with the provisions of Subpart LLL as required.

26.     The Facility's SSI unit continued to operate after May 31, 2016, in violation of Subpart LLL.

27.     Defendants' failures to comply with Subpart LLL are violations of Section 129 of the Clean Air Act, 42 U.S.C. § 7429.

## CLAIMS FOR RELIEF

### First Claim for Relief – Failure to Submit Final Control Plan

28.     Plaintiff realleges and incorporates Paragraphs 1 through 27 as if fully set forth herein.

29.     Under 40 C.F.R. § 62.15875, the owner/operator of an SSI unit subject to Subpart LLL must submit a final control plan by the final compliance date of March 21, 2016 (the "Final Compliance Date").

30.     Defendants failed to submit a final control plan as required.  Accordingly, Defendants violated 40 CFR § 62.15875 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

31.     As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties.

**Second Claim for Relief – Failure to Achieve Final Compliance**

32.     Plaintiff realleges and incorporates Paragraphs 1 through 31 as if fully set forth herein.

33.     Under 40 C.F.R. § 62.15875, the owner/operator of an SSI unit subject to Subpart LLL must achieve final compliance by the Final Compliance Date.

34.     Defendants failed to achieve final compliance as required.  Accordingly, Defendants violated 40 C.F.R. § 62.15875 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

35.     As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties.

**Third Claim for Relief – Failure to Submit
Notification of Failure to Achieve Final Compliance**

36.     Plaintiff realleges and incorporates Paragraphs 1 through 35 as if fully set forth herein.

37.     Under 40 C.F.R. § 62.15895, the owner/operator of an SSI unit subject to Subpart LLL that fails to submit a final control plan and achieve final compliance by the Final Compliance Date, and that does not permanently close the SSI unit, must submit to EPA within 10 business days after the Final Compliance Date a notification that it did not achieve compliance.  The owner/operator of such a SSI unit must continue to submit reports each calendar month until a final control plan is submitted and final compliance is met.

38.     Defendants failed to submit a timely notification and timely monthly reports under 40 C.F.R. § 62.15895 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

39.     As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties.

**Fourth Claim for Relief – Failure to Submit a Site-Specific Monitoring Plan**

40.     Plaintiff realleges and incorporates Paragraphs 1 through 39 as if fully set forth herein.

41.     Under 40 C.F.R. §§ 62.15995(f) and 62.15980(b)(4), the owner/operator of an SSI unit subject to Subpart LLL must submit site-specific monitoring plans for each continuous monitoring system and bag-leak detection system at least 60 days before the Final Compliance Date.

42.     Under 40 C.F.R. § 62.15995(g), the owner/operator of an SSI unit subject to Subpart LLL must submit a site-specific monitoring plan for its ash handling system at least 60 days before the Final Compliance Date.

43.     Defendants failed to submit site-specific monitoring plans as required. Accordingly, Defendants violated 40 CFR § 62.15995 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

44.     As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties.

8

## Fifth Claim for Relief – Failure to Conduct
## an Initial Air Pollution Control Device Inspection

45.     Plaintiff realleges and incorporates Paragraphs 1 through 44 as if fully set forth herein.

46.     Under 40 C.F.R. § 62.15990, the owner/operator of an SSI unit subject to Subpart LLL must conduct an air pollution control device inspection by the Final Compliance Date.

47.     Defendants failed to conduct an air pollution control device inspection as required. Accordingly, Defendants violated 40 C.F.R. § 62.15990 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

48.     As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties.

## Sixth Claim for Relief -- Failure to Demonstrate
## Initial Compliance with Applicable Emission Limits

49.     Plaintiff realleges and incorporates Paragraphs 1 through 48 as if fully set forth herein.

50.     Pursuant to 40 C.F.R. § 62.15980, the owner/operator of an SSI unit subject to Subpart LLL must demonstrate initial compliance with the emission limits and standards specified in Table 2 or 3 of Subpart LLL by the Final Compliance Date.

51.     Defendants failed to demonstrate initial compliance with the emission limits and standards as required. Accordingly, Defendants violated 40 C.F.R. § 62.15980 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

9

52.    As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties.

**Seventh Claim for Relief – Failure to Set and Meet Applicable Operating Limits**

53.    Plaintiff realleges and incorporates Paragraphs 1 through 52 as if fully set forth herein.

54.    Pursuant to 40 C.F.R. § 62.15985, the owner/operator of an SSI unit subject to Subpart LLL must establish site-specific operating limits during the initial performance test, which must be conducted by the Final Compliance Date.

55.    Pursuant to 40 C.F.R. § 62.15960, the owner/operator of an SSI unit subject to Subpart LLL must meet its established site-specific operating limits by the Final Compliance Date.

56.    Defendants failed to establish site-specific operating limits or to establish compliance with those site-specific operating limits as required.  Accordingly, Defendants violated 40 C.F.R. §§ 62.15960 and 62.15985, and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

57.    As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

1. Enjoin Defendants from operating the Facility and SSI unit located there except in accordance with the CAA and applicable regulatory requirements, including any measures necessary to comply with Subpart LLL;

2. Assess Defendant civil penalties of up to $95,284 per day for each CAA violation;

3. Award the United States all costs and disbursements of this action; and

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

THOMAS MARIANI
Chief, Environmental Enforcement Section
U.S. Department of Justice
Environment and Natural Resources Division

BRIAN G. DONOHUE
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
(202) 514-5413
brian.donohue@usdoj.gov

DEIRDRE M. DALY
United States Attorney
District of Connecticut


VANESSA ROBERTS AVERY (ct21000)
Assistant United States Attorney
United States Attorney's Office
450 Main Street
Hartford, CT 06103
(860) 947-1101
vanessa.avery@usdoj.gov

OF COUNSEL:

THOMAS T. OLIVIER
Senior Enforcement Counsel
U.S. Environmental Protection Agency, Region 1
5 Post Office Square - Suite 100
Boston, MA 02109-3912
Olivier.tom@epa.gov